CONN LAW, PC
ELLIOT CONN          Bar No. 279920
354 Pine Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

VARNELL & WARWICK, P.A.
JANET R. VARNELL (*pro hac vice*)
BRIAN W. WARWICK (*pro hac vice*)
MATTHEW T. PETERSON (*pro hac vice*)
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com

Attorneys for Plaintiff Ying Ying Guan and the potential class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YING YING GUAN, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiff.<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>_____/ | Case No. 4:20-cv-05719 (JST)<br><br>**DECLARATION OF ELLIOT CONN IN SUPPORT OF PLAINTIFF YING YING GUAN'S SURREPLY IN SUPPORT OF OPPOSITION TO DEFENDANT MBUSA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Judge:      Jon S. Tigar<br><br>Date:      Hearing Vacated<br>Time:      N/A<br>Courtroom: 6, 2nd Floor<br>Trial Date: N/A |

I, Elliot Conn, declare as follows:

1.      I am an attorney duly admitted to practice before this Court. I am an attorney at Conn Law, PC, counsel of record for Plaintiff Ying Ying Guan in this action. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2.      On May 26, 2020, prior to serving Defendant Mercedes-Benz USA, LLC ("MBUSA") with the complaint that had been filed in this action, I sent a letter, titled "Notice of Violations of Civil Code Section 1750, *et seq*. and Demand for Corrective Action" via Certified U.S. Mail, return receipt requested, to MBUSA's corporate office in Sandy Springs, Georgia addressed to MBUSA's Chief Executive Officer Nicholas Speeks and its General Counsel Matthew Everitt. The purpose of the letter was to notify MBUSA of its ongoing violations of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq*. and demand that it take appropriate corrective action. With the letter, I enclosed a copy of the 46-page, and 117 paragraph complaint in the action. Attached hereto as **Exhibit 1** is a true and correct copy of my May 26, 2020 letter along with the return receipt. To avoid unnecessarily submitting large quantities of paper to the Court, I have not attached the complaint, which is available on the Court's Docket as Dkt. 1-1, Exhibit A. If the Court prefers, I will resubmit the complaint.

3.      On June 25, 2020, I received the letter from Troy Yoshino that is attached to the Declaration of Elliott J. Joh (Dkt. 33-4). In the letter Mr. Yoshino asserted that my letter along with the 46-page and 117 paragraph complaint that I provided to him "fails to specify what wrongdoing MBUSA purportedly engaged in." In his letter, Mr. Yoshino and MBUSA did not agree to provide any correction or agree to provide any correction within a reasonable time. Nor did Mr. Yoshino mention any upcoming "extended warranty campaigns."

4.      On July 15, 2020, I responded to Mr. Yoshino's letter to reiterate MBUSA's CLRA violations and restate the corrective action demanded. I also told Mr. Yoshino that "if MBUSA is truly interested in providing 'CLRA 'corrective action'' and doing right by its customers, we would be open to an early class-wide resolution. Please give me a call if you would like to

1    discuss class settlement." Attached hereto as **Exhibit 2** is a true and correct copy of my July 15,

2    2020 letter to Mr. Yoshino.

3    5.       I did not receive any response to the letter.

4    6.       On August 28, 2020, I had a conference call with MBUSA's attorneys Eric Knapp and

5    Alfredo Amoedo and I was told by them that MBUSA was planning on issuing a recall on the

6    camshaft adjusters on the C250 vehicles. I was surprised since this "recall" was not mentioned in

7    any of our prior correspondence or during any of our prior conversations.

8    7.       In later correspondence, Mr. Amoedo clarified to me that MBUSA was not issuing a

9    NHTSA supervised "recall" but instead had plans "made to implement an extended warranty and

10   reimbursement campaign . . ." I responded to Mr. Amoedo to explain why an extended warranty

11   "campaign" is not the same as a NHTSA supervised recall. Attached hereto as **Exhibit 3** is a true

12   and correct copy of my email correspondence with Mr. Amoedo between September 8, 2020 and

13   September 11, 2020.

14   8.       I did not receive a response to my September 11, 2020 email.

15   9.       MBUSA suggests in its Reply Brief that the "Campaign" is subject to Environmental

16   Protection Agency ("EPA") and California Air Resources Board ("CARB") oversight and that it

17   has initiated a "voluntary emissions campaign" to the EPA. (Dkt. 33 pp. 1:16-19, 3:5-6, 4:1-14).

18   10.      In order to determine whether MBUSA had initiated a "voluntary emissions recall

19   campaign" on November 29, 2020, I contacted the EPA to ask whether it had a record of any

20   recall on Plaintiff Ying Guan's vehicle and provided the EPA with the required information to

21   make such an inquiry as is set forth on the EPA website at https://www.epa.gov/recalls/recalls-

22   vehicles-and-engines.

23   //

24   //

25   //

26   //

27   //

28   //

11.     On December 1, 2020, a representative from the EPA responded to my inquiry and informed me that "We do not have any recalls in our database for this vehicle." Attached hereto as **Exhibit 4** is a true and correct copy of my correspondence with the EPA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December 2020 in San Francisco, California.


/s/ Elliot Conn
Elliot Conn

# Exhibit 1



ELLIOT CONN
354 PINE STREET, 5TH FLOOR
SAN FRANCISCO, CA 94104
MAIN: (415) 417-2780
FAX: (415) 358-4941
HTTPS://CONNLAWPC.COM
ELLIOT@CONNLAWPC.COM

May 26, 2020

**VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED AND FEDEX**
Mr. Nicholas Speeks
Chief Executive Officer
Mercedes-Benz USA, LLC
One Mercedes-Benz Drive
Sandy Springs, GA 30328-4201

> **Re:** ***Guan v. Mercedes-Benz USA, LLC***
> **San Francisco County Superior Court, Case No. CGC-20-584498**
>
> **Notice of Violations of Civil Code Section 1750, *et seq*. and Demand for Corrective Action**

Dear Mr. Speeks,

As detailed in the enclosed complaint in *Guan v. Mercedes-Benz USA, LLC*, your company has violated and is continuing to violate provisions of the Consumers Legal Remedies Act, California Civil Code Section 1750, *et seq*. The purpose of this letter is to notify you of these violations and demand that you take corrective action by:

1. Conducting a recall of all 2012-2014 Mercedes-Benz C250 vehicles in California and replacing the intake and exhaust camshaft adjusters at no expense to the owners of the vehicles;

2. Sending a letter to the last known address of every known owner in California of a 2012-2014 model year Mercedes-Benz C250 vehicle, notifying them that Mercedes-Benz will fully reimburse any costs or expenses previously incurred in connection with replacing their vehicles intake and/or exhaust camshaft adjusters;

3. Agreeing to cover under warranty, defective camshaft adjusters on all 2012-2014 Mercedes-Benz C250 vehicles for a period of 170,000 miles/17 years; and

4. Publishing a notice in the Wall Street Journal, Los Angeles Times, San Francisco Chronicle, and USA Today, advising current and former owners of 2012-2014 Mercedes-Benz C250 vehicles in California of their right to receive reimbursement for any expenses incurred in connection with the defective camshaft adjusters in the past and to have any future expenses covered under Mercedes-Benz's warranty for a period of 170,000 miles/17 years. The notice shall also be published on a website established and maintained by Mercedes-Benz for at least one year.

Conn to Speeks
May 26, 2020
Page 2 of 2

Unless Mercedes-Benz takes the corrective action set forth herein within 30 days, Ms. Guan will amend her complaint to seek damages under the CLRA. Thank you for your attention to this matter.

Very truly yours,

Elliot Conn

CC:    Matthew Everitt (Vice President and General Counsel, Mercedes-Benz USA, LLC)
       Brian Warwick

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Mr. Nicholas Speeks
Chief Executive Officer
Mercedes-Benz USA, LLC
One Mercedes-Benz Drive
Sandy Springs, GA 30328-4201

9590 9402 3809 8032 5890 21

2. Article Number (Transfer from service label)

7020 0090 0001 4016 5856

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Feliobook_   6/1/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

United States
Postal Service

9590 9402 5887 8032 5890 21

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Elliot Conn
CONN LAW, PC
354 Pine St., 5th Floor
San Francisco, CA 94104

# Exhibit 2



ELLIOT CONN
354 PINE STREET, 5TH FLOOR
SAN FRANCISCO, CA 94104
MAIN: (415) 417-2780
FAX: (415) 358-4941
HTTPS://CONNLAWPC.COM
ELLIOT@CONNLAWPC.COM

July 15, 2020

**VIA E-MAIL ONLY**
Troy M. Yoshino
SQUIRE PATTON BOGS LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
troy.yoshino@squirepb.com

     **Re:**    ***Guan v. Mercedes-Benz USA, LLC***
             **San Francisco County Superior Court, Case No. CGC-20-584498**

Dear Mr. Yoshino,

     I am in receipt of your letter dated June 25, 2020 sent in response to my May 26, 2020 Consumers Legal Remedies Act ("CLRA") Demand for Corrective Action.

     I disagree with your assertion that the Letter "fails to specify what wrongdoing MBUSA purportedly engaged in."

     The May 26 Letter incorporates by reference and encloses the Class Action Complaint that my office filed against Mercedes-Benz USA, LLC ("MBUSA") on May 20, 2020. The Complaint's 117 paragraphs allege in detail how "Mercedes-Benz wrongfully and intentionally concealed a latent defect in the camshaft adjusters of the Subject Vehicles, which causes the camshaft adjusters to fail prematurely, forcing Plaintiff and members of the Class to incur substantial out of pocket costs to replace the damaged camshaft adjusters and attendant engine parts." (*see .e.g.* Complaint ¶¶ 1-59).

     The CLRA cause of action specifically alleges that:

     101.    In offering the Subject Vehicles for sale to the public, Mercedes-Benz has represented, and will continue to represent, directly or by implication, that consumers would be able to use the Subject Vehicles for approximately 170,000 miles before the camshaft adjusters would have to be replaced. Notwithstanding that representation, the Subject Vehicles' camshaft adjusters have been and will continue to be inherently and unreasonable subject to premature failure, which in turn has required and will continue to require Plaintiff and members of the Class to incur costs and expenses to replace the camshaft adjusters and any attendant damage to other engine components.

     102.    Had Plaintiff and members of the Class been informed of the camshaft adjuster latent defect in Mercedes-Benz's various brochures that Mercedes-Benz published on the Subject Vehicles, on its website, in the maintenance booklet, or the in the trade press, they would not have purchased the Subject Vehicles at the price paid or would have purchased or leased a different model or purchased or leased from a different manufacturer of vehicles.

103.    At all relevant times, Mercedes-Benz knew that Plaintiff and members of the Class did not know or could not have reasonably discovered the problem prior to purchasing the Subject Vehicles. Mercedes-Benz had a duty to disclose the material facts clearly and conspicuously at the time of sale given (1) the materiality of the information; (2) the safety risk posed by the design defect; (3) Mercedes-Benz's exclusive knowledge of material facts not known to Plaintiff and members of the Class; and (4) Mercedes-Benz's active concealment of material facts from Plaintiff and members of the Class.

(Complaint ¶¶ 101-103)

The Complaint alleges particular violations of California Civil Code § 1770:

104.    By virtue of this ongoing practice and course of conduct, Mercedes-Benz has violated and will continue to violate section 1770(a)(5) of the CLRA by representing that the camshaft adjusters and Subject Vehicles have characteristics, uses, and benefits, which they do not have.

105.    By virtue of this ongoing practice and course of conduct, Mercedes-Benz has violated and will continue to violate section 1770(a)(7) of the CLRA by representing that the camshaft adjusters and the Subject Vehicles are of a particular standard or quality when they are not of the standard or quality.

106.    By virtue of this ongoing practice and course of conduct, Mercedes-Benz has violated and will continue to violate section 1770(a)(14) of the CLRA by representing that the Subject Vehicles would have a useful engine life of approximately 170,000 miles before the camshaft adjusters would fail or need to be replaced.

(Complaint ¶¶ 104-106)

And the May 26 Letter demands specific corrective action, namely, that MBUSA:

1.  [Conduct] a recall of all 2012-2014 Mercedes-Benz C250 vehicles in California and [replace] the intake and exhaust camshaft adjusters at no expense to the owners of the vehicles;

2.  [Send] a letter to the last known address of every known owner in California of a 2012-2014 model year Mercedes-Benz C250 vehicle, notifying them that Mercedes-Benz will fully reimburse any costs or expenses previously incurred in connection with replacing their vehicles intake and/or exhaust camshaft adjusters;

3.  [Agree] to cover under warranty, defective camshaft adjusters on all 2012-2014 Mercedes-Benz C250 vehicles for a period of 170,000 miles/17 years; and

4.  [Publish] a notice in the Wall Street Journal, Los Angeles Times, San Francisco Chronicle, and USA Today, advising current and former owners of 2012-2014 Mercedes-Benz C250 vehicles in California of their right to receive reimbursement for any expenses incurred in connection with the defective camshaft adjusters in the past and to have any future expenses

covered under Mercedes-Benz's warranty for a period of 170,000 miles/17 years. The notice shall also be published on a website established and maintained by Mercedes-Benz for at least one year.

The May 26, 2020 Letter satisfies the requirements of California Civil Code § 1782(a) and provides MBUSA with "sufficient notice of alleged defects to permit appropriate corrections or replacements." *See Seifi v. Mercedes-Benz USA, LLC*, No. C12-5493 TEH, 2013 WL 5568449, at *8 (N.D. Cal. Oct. 9, 2013) (quoting *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (Ct. App. 1975)); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1178–79 (S.D. Cal. 2010) ("The Court finds Plaintiffs' notice letter satisfies the pre-filing notice requirement because it explicitly alleges violations of CLRA. . . . The first page of the letter explains in plain language the conduct that Plaintiffs allege violates the statute. The second page lists five sub-sections of the CLRA, and asks for specific corrections and remedies. The content of the letter suffices to put [defendant] on notice of the alleged CLRA violations.")

Despite ample notice, MBUSA has failed to provide appropriate corrective action.

As alleged in the Complaint (and as I am sure your preliminary investigation has confirmed), the ongoing premature failure of the camshaft adjusters in the 2012-2014 Mercedes-Benz C250 vehicles continues to impose tremendous injury on thousands of MBUSA's customers, with the number of injured customers increasing daily. To avoid prejudice to these MBUSA customers (and putative class members), I must decline your request for a 30-day litigation hold. I have now filed a First Amended Complaint, seeking damages under the CLRA, which I have enclosed with this letter.

Certainly, if MBUSA is truly interested in providing "CLRA 'corrective action'" and doing right by its customers, we would be open to an early class-wide resolution. Please give me a call if you would like to discuss class settlement.

Very truly yours,

Elliot Conn

Enclosure

CC: Brian Warwick

# Exhibit 3

## Elliot Conn

**From:**       Elliot Conn
**Sent:**       Friday, September 11, 2020 11:22 AM
**To:**         Amoedo, Alfredo W.
**Cc:**         Knapp, Eric J.; Spencer Janssen; Janet Varnell; Brian Warwick; Matthew Peterson
**Subject:**    RE: Guan v. MBUSA

Alfredo,

     Thank you for sending that over.  When we initially spoke, I was under the impression that a National Highway Traffic Safety Administration ("NHTSA") supervised recall for the camshaft adjusters in the class vehicles was imminent. This seems not to be the case. The somewhat vague declaration that you provided, stating that Mercedes-Benz *might* extend the warranty on the class vehicles at some point in the future, does not "moot" our case. As an initial matter, the extended warranty "campaign" has not been implemented.  And even if Mercedes-Benz does go forward with the "campaign," without a court judgment, or an official NHTSA recall process, Mercedes-Benz could terminate the "campaign" at any time. Temporary voluntary cessation of bad conduct does "moot" a class action.

     And the proposed "campaign" itself is insufficient and does not address the concerns set forth in our May 26, 2020 CLRA letter or in the First Amended Complaint. Under the "campaign," Mercedes-Benz has the discretion to deny reimbursement to any customer (including Ying Guan) who had their vehicles repaired at non-Mercedes-Benz repair facilities. The "campaign" does not set forth any reimbursement limits, does not provide reimbursement for any of the attendant parts that also needed to be replaced in connection with replacing the camshaft adjusters (*e.g.* the timing chain tensioner and related seals and gaskets), does not extend the warranty for the full period of time demanded, and does provide sufficient notice to the impacted owners. This notice is critical for a multitude of reasons including that vehicle owners are entitled to know the existence of the problem, the potential safety hazards presented by the problem, the instructions for how consumers can get the problem corrected, a clear explanation that they are entitled to have the correction done at no charge, inform them when the remedy will be available, how long the remedy will take to perform, and whom to contact if there is a problem in obtaining the free recall work. From the declaration, it is clear that Mercedes-Benz has not fixed the underlying issue. Furthermore, consumers have the right to repair, replacement, or refund.  This includes reimbursement for certain costs incurred by owners to remedy the defective conditions prior to a recall for a period of one year prior to the manufacturer's notification of defect to NHTSA.  Finally, Owners are entitled to additional remedies outside of the standard recall remedies. The "campaign" does not provide any diminution in value relief arising out of the fact that even with an extended warranty, these vehicles are still inherently defective. Many Owners will have already traded in or sold their defective vehicles.

     If this "campaign" had been "decided" "[l]ong before plaintiff served her CLRA Demand Letter," it is concerning that it was not mentioned in your office's June 25, 2020 response.

     We have already stipulated to extend your deadline to respond to the First Amended Complaint from August 21, 2020 to September 14, 2020. We would like to push forward with the case so we can get full relief to the class as quickly as possible. Please file your response to the complaint by September 14, as previously agreed.

Very truly yours,


Elliot Conn

Elliot J. Conn
**Conn Law, PC**

354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Amoedo, Alfredo W. <alfredo.amoedo@squirepb.com>
**Sent:** Wednesday, September 9, 2020 1:03 PM
**To:** Elliot Conn <elliot@connlawpc.com>
**Cc:** Knapp, Eric J. <eric.knapp@squirepb.com>; Spencer Janssen <spencer@connlawpc.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Brian Warwick <bwarwick@varnellandwarwick.com>; Matthew Peterson <mpeterson@varnellandwarwick.com>
**Subject:** RE: Guan v. MBUSA

Elliot,

That is acceptable to us.  Thus, per the attached and as we recently discussed, long before your client's demand letter or complaint, a decision was made to implement an extended warranty and reimbursement campaign with regard to the camshaft adjusters installed in the proposed class vehicles (including your client's).  The attached declaration and exhibits confirm these facts.  As such, your client's claims are essentially moot and neither her nor the class have a viable cause of action or damages.  We again request that your client dismiss this action voluntarily and avail herself of the remedies provided by the upcoming extended warranty and reimbursement campaign which is expected to launch shortly.  We understand you will need to time discuss the attached, and believe it is in everyone's best interest to further extend the deadline for MBUSA to respond to the complaint, and for plaintiff to respond, to ensure the Court and parties do not expend additional unnecessary resources and costs on this action.  We are available at your convenience to discuss.

Regards,

Alfredo

**Alfredo W. Amoedo**
Squire Patton Boggs (US) LLP
T   +1 415 954 0238
M   +1 805 415 2577

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Wednesday, September 9, 2020 12:07 PM
**To:** Amoedo, Alfredo W. <alfredo.amoedo@squirepb.com>
**Cc:** Knapp, Eric J. <eric.knapp@squirepb.com>; Spencer Janssen <spencer@connlawpc.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Brian Warwick <bwarwick@varnellandwarwick.com>; Matthew Peterson <mpeterson@varnellandwarwick.com>
**Subject:** [EXT] RE: Guan v. MBUSA

Happy to meet and confer regarding the terms later, provided that we will be able to challenge any confidentiality designation of the documents that you are now providing in the manner set forth in Section 6 of the Northern District model Protective order.

-Elliot

Elliot J. Conn
**Conn Law, PC**

354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com

*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

---

**From:** Amoedo, Alfredo W. <alfredo.amoedo@squirepb.com>
**Sent:** Wednesday, September 9, 2020 11:50 AM
**To:** Elliot Conn <elliot@connlawpc.com>
**Cc:** Knapp, Eric J. <eric.knapp@squirepb.com>; Spencer Janssen <spencer@connlawpc.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Brian Warwick <bwarwick@varnellandwarwick.com>; Matthew Peterson <mpeterson@varnellandwarwick.com>
**Subject:** RE: Guan v. MBUSA

Elliot,

MBUSA consents to treating these initial documents as confidential pursuant to the terms of the ND Cal. Model Protective Order; however, we'd like your agreement to meet and confer on a draft protective order down the road, if necessary, as MBUSA typically insists on two tiers of confidentiality designations ("confidential" and "highly-confidential") which are not provided for by the Model Protective Order.  In the past, this has not been an issue with opposing counsel but please let us know if plaintiff's will consent to meeting and conferring on this issue if necessary.  If you agree, we'll get you the extended warranty campaign documents today, which will address your questions below.  Note, this is not a recall, it is an extended warranty campaign.

Alfredo

**Alfredo W. Amoedo**
Squire Patton Boggs (US) LLP
T    +1 415 954 0238
M   +1 805 415 2577

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Wednesday, September 9, 2020 11:03 AM
**To:** Amoedo, Alfredo W. <alfredo.amoedo@squirepb.com>
**Cc:** Knapp, Eric J. <eric.knapp@squirepb.com>; Spencer Janssen <spencer@connlawpc.com>; Janet Varnell <jvarnell@varnellandwarwick.com>; Brian Warwick <bwarwick@varnellandwarwick.com>; Matthew Peterson <mpeterson@varnellandwarwick.com>
**Subject:** [EXT] RE: Guan v. MBUSA

Alfredo,

I have copied my co-counsel on this email.  Please include them in future correspondence.

We would be happy to enter into the Northern District's Model Protective Order and have you produce the documents related to the pending recall that we discussed pursuant to that PO.

During our recent call, told me that a recall was in the works for the cam shaft adjusters on class vehicles.  However, I've been monitoring the NHTSA website and haven't seen anything mentioning recent recalls for the class vehicles.  Please provide us with details regarding the recall, including the process for obtaining repairs and the amount of any reimbursements to be made to class members who have already paid to have these repairs made.  Thanks.

-Elliot

Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com
*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

**From:** Amoedo, Alfredo W. <alfredo.amoedo@squirepb.com>
**Sent:** Tuesday, September 8, 2020 7:42 AM
**To:** Elliot Conn <elliot@connlawpc.com>; Spencer Janssen <spencer@connlawpc.com>
**Cc:** Knapp, Eric J. <eric.knapp@squirepb.com>
**Subject:** Guan v. MBUSA

Counsel, following up on our recent discussion, we have some materials for your review regarding the extended warranty campaign we discussed.  Before we transmit them, we would like your written consent to treat the materials as confidential and subject to any protective order ultimately entered into in this matter.  With your consent, we will transmit the materials later today.

Thank you,

Alfredo



**Alfredo W. Amoedo**
Senior Associate
Squire Patton Boggs (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
T    +1 415 954 0238
O   +1 415 954 0200
F    +1 415 393 9887
M   +1 805 415 2577
alfredo.amoedo@squirepb.com | squirepattonboggs.com

---------------------------------------------------------------------
45 Offices in 20 Countries.

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes EU personal data that is subject to the requirements of the EU General Data Protection Regulation, please see our Privacy Notice regarding the processing of EU personal data about clients and other business contacts pursuant to the GDPR at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
-------------------------------------------------------------------

# Exhibit 4

## Elliot Conn

**From:**     Pugliese, Holly <pugliese.holly@epa.gov> on behalf of ComplianceInfo <ComplianceInfo@epa.gov>
**Sent:**     Tuesday, December 1, 2020 3:54 AM
**To:**       Elliot Conn
**Subject:**  RE: Recall Inquiry for the 2014 Mercedes-Benz C250 Vehicle

Hello Mr. Conn. We do not have any recalls in our database for this vehicle.

I hope this answers your question.  If you have any others, please let me know.

Regards,


Holly Pugliese
Office of Transportation and Air Quality
US EPA
pugliese.holly@epa.gov

---

**From:** Elliot Conn <elliot@connlawpc.com>
**Sent:** Sunday, November 29, 2020 9:12 PM
**To:** ComplianceInfo <ComplianceInfo@epa.gov>
**Subject:** Recall Inquiry for the 2014 Mercedes-Benz C250 Vehicle

To whom it may concern,
         Could you please let me know whether Mercedes-Benz USA, LLC has issued a voluntary emissions recall campaign for the 2014 Mercedes-Benz C-Class C250 vehicle equipped with the M271 engine. TG: EMBXV01.8U2A. Evap family: EMBXR0160LNC. Please let me know if there is any more information that I can provide. Thank you.

                         Very truly yours,


                         Elliot Conn


Elliot J. Conn
**Conn Law, PC**
354 Pine St., 5th Floor
San Francisco, CA 94104
Main: (415) 417-2780
Cell:   (949) 637-4953
elliot@connlawpc.com
*This email may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this email in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*