SQUIRE PATTON BOGGS (US) LLP
Troy M. Yoshino (State Bar #197850)
troy.yoshino@squirepb.com
Eric J. Knapp (State Bar #214352)
eric.knapp@squirepb.com
Scott J. Carr (State Bar #245588)
scott.carr@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887

Attorneys for Defendant MERCEDES-BENZ USA, LLC

CONN LAW, PC
ELLIOT CONN (Bar No. 279920)
354 Pine Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 417-2780
Facsimile: (415) 358-4941
elliot@connlawpc.com

VARNELL & WARWICK, P.A.
JANET R. VARNELL (*pro hac vice*)
BRIAN W. WARWICK (*pro hac vice*)
MATTHEW T. PETERSON (*pro hac vice*)
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com

Attorneys for Plaintiff YING YING GUAN and the potential class

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

YING YING GUAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MERCEDES-BENZ USA, LLC, and DOES 1 through 50, inclusive,

Defendants.

Case No. 4:20-cv-05719 (JST)

CLASS ACTION

**JOINT CASE MANAGEMENT STATEMENT**

Date: March 23, 2021
Time: 2:00 p.m.
Courtroom 6, 2nd Floor (Oakland)
Hon. Jon S. Tigar

Plaintiff YING YING GUAN ("Plaintiff" or "GUAN") and Defendant MERCEDES-BENZ USA, LLC ("Defendant" or "MBUSA") (collectively "the Parties"), by their undersigned counsel, submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26, the Standing Order for All Judges of the Northern District of California dated November 1, 2018, Civil Local Rule 16-9, and this Court's January 14, 2021 Order (Dkt. No. 38).

## I. JURISDICTION AND SERVICE:

On August 14, 2020, Defendant removed this matter to this Court on the basis of original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), "because it is a 'class action' comprised of at least 100 members in the aggregate, minimal diversity of citizenship exists between the Parties, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs." (Dkt. 1, pg. 2:19-24).

In its pending motion to dismiss, MBUSA challenges Plaintiff's ability to bring the claims asserted, because of the Campaign described below. Other than the challenge discussed in MBUSA's motion to dismiss, no issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

## II. FACTS:

Plaintiff's Statement

Plaintiff YING YING GUAN is a California consumer who purchased, for personal use, a Mercedes-Benz Certified Pre-Owned 2014 Mercedes-Benz C250 from an authorized MBUSA dealership that came with both the remainder of the 4-year/50,000-mile New Vehicle Limited Warranty and an additional comprehensive one-year CPO Limited Warranty from MBUSA.

In August 2019, when the vehicle had less than 50,000 miles on the odometer, a "Check Engine Light" came on because of defects with the vehicle's camshaft adjusters. The camshaft adjuster on a vehicle is not subject to "wear and tear," should last the useful lifespan of the vehicle's engine, and only need to be replaced as part of a complete engine replacement. They certainly should not fail at 50,000 miles. However, because the adjusters failed and MBUSA refused to offer Plaintiff any relief (despite her affirmative request), Plaintiff was forced to pay $3,700, out-of-pocket, to have an independent repair facility replace the vehicle's intake and

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

exhaust camshaft adjusters, timing chain tensioner and related seals and gaskets. This was necessary because continuing to drive the vehicle would pose a safety hazard, as the defective camshaft adjusters would eventually cause the vehicle to fail, without any warning.

Plaintiff claims that the camshaft adjusters on the 2012-2014 C250s are defective and on that basis, seeks to represent a putative class of California consumers who purchased 2012, 213, or 2014 new or Mercedes-Benz Certified Pre-Owned C250 vehicles ("Class Vehicles"). Plaintiff alleges that MBUSA "knew" of the alleged defect and failed to disclose it to consumers and therefore is liable to her and the putative class for beach of implied warranties under the Song-Beverly Act and Magnuson-Moss Act, and for violations of the CLRA and UCL.

In August 2019, Plaintiff asked MBUSA to replace the camshaft adjusters on her vehicle, but was denied any relief. And prior to the filing of the First Amended Complaint in this action, MBUSA again denied Plaintiff's request for relief as set forth in the May 26, 2020 CLRA Demand Letter, claiming that Plaintiff's demand "fails to specify what wrongdoing MBUSA purportedly engaged in." And in removing the action, MBUSA Product Analysis Engineer Theodore Vaughan submitted a declaration claiming that "what constitutes 'camshaft adjusters' to plaintiff is not clear in the Complaint.' (Dkt. 1-2, ¶ 8). But despite claiming ignorance to the issue, as late as August 7, 2020, MBUSA, again through Mr. Vaughan, now asserts that "[l]ong before plaintiff served her CLRA Demand Letter and filed her lawsuit, the manufacturer of Mercedes-Benz vehicles decided to launch an extended warranty and reimbursement campaign (the "Campaign") for the Subject Camshaft Adjusters." (Dkt. 23-1, ¶ 4)

<u>Defendant's Statement</u>

Plaintiff alleges she purchased a Certified Pre-Owned ("CPO") 2014 Mercedes-Benz C250 that at the time of purchase, was two years old and had been driven 22,827 miles. Over three years later, Plaintiff claims she first discovered a potential issue with her purchased vehicle when she allegedly incurred out-of-pocket expenses to replace her camshaft adjusters as applicable warranties had expired. Due to these repairs, Plaintiff claims the camshaft adjusters in her vehicle, and in every other 2012 through 2014 C250 (the "subject camshaft adjusters") are "defective."

MBUSA currently believes that the key factual issues are as follows: (1) whether Plaintiff's claims are not ripe for judicial review due to the extended warranty campaign providing coverage for the subject camshaft adjusters and a reimbursement program for those who have incurred out-of-pocket expenses for repairs; (2) whether the subject camshaft adjusters suffer from a uniform defect; (3) what that defect is—the FAC does not sufficiently describe the alleged design defect, *i.e.*, how the subject camshaft adjusters and the associated components are actually defective; (4) whether MBUSA knew of the alleged defect, and in a uniform manner, at the time of sale of every Class Vehicle; (5) whether MBUSA intended to defraud, deceive, or mislead putative class members; (6) whether putative class members were actually defrauded, deceived, or misled; (7) whether such defect has caused injury to all putative Class Members, including those whose vehicles will be repaired for free under the upcoming Campaign or who never experienced the alleged defect in the same way; (8) whether the subject camshaft adjusters installed in varying and different Class Vehicles are sufficiently similar and otherwise meet the requirements of Fed. R. Civ. P. 23 for class certification; (9) whether Plaintiff can prove the alleged damages with classwide, predominant proof; (10) whether Plaintiff, or any "reasonable consumer" – as alleged in the Complaint – has a valid expectation that any parts not addressed in MBUSA's warranty and maintenance booklets will not need maintenance for the life of the vehicle in the absence of any such guarantee, whether express or implied; and (11) whether the alleged defect constitutes a safety hazard.

MBUSA also disputes that the subject camshaft adjusters are "defective." Not only is Plaintiff unable to specify what the alleged design defect is, but the Class Vehicles also allegedly manifest symptoms in different ways, and in varying degrees, which may or may not have any relation to the alleged defect.

MBUSA further disputes that it had knowledge of any alleged defect before the sale of the Class Vehicles. Although Plaintiff points to various alleged sources of MBUSA's knowledge, including for example, consumer complaints that post-date the sale of Plaintiff's vehicle and/or were made outside the U.S., unspecified data regarding warranty service requests, and technical services bulletins concerning different symptoms and different engines than those at issue in this

action, none of these materials and information actually establish that MBUSA had pre-sale knowledge of any alleged defect in Plaintiff's vehicle. Lacking knowledge of any defect, MBUSA certainly could not have acted with any intent to defraud, deceive, or mislead its customers. MBUSA further contends that no putative class members were actually defrauded, deceived, or misled.

MBUSA also disputes whether the putative class can satisfy Fed. R. Civ. P. 23, and believes that issues necessitating highly individualized inquiries prevent the possibility of certification. For instance, Plaintiff cannot show that any alleged defect, which she has not identified with any specificity, exists in every putative class vehicle. The manifestation of these issues—which allegedly include difficulty in accelerating, a long crank during start up, hesitation, and/or noise from the engine, causing the vehicle to enter into "limp mode," and an illuminated or non-illuminated "Check Engine Light"—can occur for any number of reasons unrelated to an alleged defect, which the Parties and the Court must explore for each putative class member. Given the uncertain and imprecise nature of the alleged defect, individual inquiries would be required to determine the cause of each instance of any alleged manifestation of symptoms of the alleged defect. In addition, the majority of the class vehicles, which have been on the road for years and collectively traveled millions of miles, have not experienced the same symptoms alleged by Plaintiff. The fact that the putative Class Vehicles allegedly experience issues in different ways—which may or may not be related to the alleged defect—further precludes Plaintiff from proving damages with classwide, predominant proof. Plaintiff further alleges no facts showing that the subject camshaft adjusters in the M271.8 EVO engines operate the same across different model years. The claims raise other highly individualized issues, such as standing. Alone, each of these issues makes class treatment improper; taken together, they render the class incapable of resolution using the class action device.

## III. LEGAL ISSUES:

Plaintiff's Statement

Plaintiff contends that the camshaft adjusters on the 2012-2014 Mercedes-Benz C250 (the "Class Vehicles") vehicles suffer from a latent defect that cause the camshaft adjusters to fail

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

prematurely (*i.e.* prior to the end of the useful lifespan of the vehicles' engine), as early as at 50,000 miles, requiring costly out of pocket repairs (upwards of $10,000), that MBUSA "knew" of the latent defect, and that MBUSA failed to disclose the defect. The key legal issues are as follows:

(a) Whether the camshaft adjusters on the Class Vehicles fail prematurely at unacceptably high rates;

(b) Whether MBUSA has omitted and will continue to omit material facts to members of the Class and the public concerning the camshaft adjusters on the Class Vehicles;

(c) If so, whether MBUSA's concealment of material facts concerning the performance and reliability of the camshaft adjusters on the Class Vehicles were likely to deceive the public;

(d) Whether the camshaft adjusters on the Class Vehicles fail to conform to MBUSA's product specifications;

(e) Whether MBUSA concealed from Plaintiff and members of the Class that camshaft adjusters on the Class Vehicles do not conform to MBUSA's product specifications;

(f) Whether, by the misconduct alleged in this action, MBUSA has violated:

(i) the Magnuson-Moss Warranty Act;

(ii) the Song-Beverly Consumer Warranty Act;

(iii) the Consumer Legal Remedies Act; and

(iv) the Unfair Competition Law, Business & Professions Code §17200 *et seq*.

(g) Whether by requiring Plaintiff and members of the Class to pay for repairs arising from premature failure with the camshaft adjusters on the Class Vehicles, MBUSA has breached an implied warranty of merchantability to Plaintiff and members of the Class; and

(h) Whether, as a result of MBUSA's misconduct as alleged herein, Plaintiff and members of the Class are entitled to damages, restitution, injunctive relief, and other remedies, and, if so, the amount and nature of such relief.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Defendant's Statement

MBUSA currently believes that key legal issues are as follows: (1) whether the court should exercise subject matter jurisdiction over this matter in light of the extended warranty campaign providing coverage for the subject camshaft adjusters and a reimbursement program for those who have incurred out-of-pocket expenses for repairs; (2) whether the alleged defect is/was uniformly material to putative class members, who are current and former owners of Class Vehicles sold over an undefined period at various ages, in various conditions, and under different circumstances; (3) whether MBUSA was under a duty to disclose the alleged defect to Class Members; (4) whether MBUSA failed to disclose and/or concealed the alleged defect from Class Members; (5) whether failure to disclose the alleged defect to putative class members constitutes a deceptive business practice; (6) whether Plaintiff will be able to satisfy proof requirements under the Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and/or California implied warranty law; (7) whether Plaintiff's claim under Magnuson-Moss Warranty Act ("MMWA") falls with Plaintiff's California warranty claim; (8) whether Plaintiff has standing to pursue claims on behalf of the putative class; (9) whether the class meets the requirements of Fed. R. Civ. P. 23.

**IV. MOTIONS:**

On August 14, 2020, MBUSA filed its Notice of Removal. (Dkt. 1.) On September 14, 2020, MBUSA filed its motion to dismiss the First Amended Complaint. (Dkt. 23.) On October 14, 2020, Plaintiff filed its opposition to MBUSA's motion to dismiss. (Dkt. 25.) On November 4, 2020, MBUSA filed its reply in support of its motion to dismiss. (Dkt. 33.) On December 4, 2020, Plaintiff filed a surreply in opposition to MBUSA's motion to dismiss. (Dkt. 34.)

///

///

///

///

///

At this time MBUSA anticipates that it may file a motion for summary judgment and a motion to deny class certification, and related motions—*e.g.*, *Daubert* motions—in the event MBUSA's motion to dismiss is denied.

Plaintiff intends to file a motion for class certification.

## V. AMENDMENT OF PLEADINGS:

Plaintiff's Statement

While Plaintiff does not anticipate amending the pleading at this time to add parties, claims, or defenses, Plaintiff may seek leave to amend the First Amended Complaint (or may be granted leave to amend), in connection with the Court's ruling on the pending motion to dismiss. Based on what is revealed discovery, because the Class Vehicles were manufactured outside of the United States, it may also be necessary to amend the complaint to add additional claims, and/or add MBUSA's parent entities Daimler North America Corporation and/or Daimler AG as Defendants. Therefore, Plaintiff requests a deadline of no earlier than ninety (90) days after the upcoming case management conference to amend the pleadings.

Defendant's Statement

MBUSA proposes fifteen (15) days after the Court issues its order on MBUSA's pending motion to dismiss as an appropriate deadline for seeking leave to amend any pleadings.

## VI. EVIDENCE PRESERVATION:

The Parties have reviewed the ESI Guidelines and have engaged in meet-and-confer efforts regarding steps taken to preserve evidence relevant to the issues in this action. Plaintiff's counsel has discussed with Plaintiff the need to preserve all evidence they have relevant to the issues presented by this case, Plaintiff has agreed. MBUSA has instructed relevant personnel who may have discoverable information in their possession to retain information relevant to any party's claim or defense in this litigation.

## VII. DISCLOSURES:

The Parties timely served each other with their respective initial disclosures on October 27, 2020.

///

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

## VIII. DISCOVERY:

On February 10, 2021, the Parties propounded on one another their respective initial sets of interrogatories, requests for production, and requests for admission. The Parties exchanged written responses to the requests for production on March 19, 2021. On April 12, 2021, the Parties exchanged written responses to the interrogatories and requests for admission and commenced production of documents on a rolling basis.

Plaintiff intends to meet and confer with MBUSA regarding the sufficiency of their discovery responses, will issue deposition notices for one or more of MBUSA's "persons most knowledgeable," and may need to propound additional written discovery.

MBUSA plans to take the deposition of Plaintiff and other individuals with knowledge of the condition of Plaintiff's car, including personnel who serviced Plaintiff's car. MBUSA further intends to inspect Plaintiff's vehicle. MBUSA may also seek to obtain discovery from a limited number of unnamed class members and third-parties, and may depose experts relevant to class certification issues whom Plaintiff discloses. Following Plaintiff's discovery responses and depositions, MBUSA may need to propound additional written discovery.

The Parties propose the following schedule, starting with the date the Court enters the scheduling order ("SO"):

| | |
|---|---|
| SO + 6 months: | Conclusion of fact discovery |
| + 30 days: | Plaintiffs' motion for class certification due, including any expert declarations supporting class certification |
| + 60 days: | Deposition of plaintiffs' class certification experts completed |
| + 60 days: | MBUSA's opposition to class certification due, including any expert declarations supporting class certification opposition |
| + 45 days: | Deposition of MBUSA's class certification experts completed |
| +30 days: | Plaintiffs' reply in support of class certification |
| + 14 days: | Class certification hearing, hearing on *Daubert* motions, and any pre-certification dispositive motions |

///

The Parties also jointly propose the following additional dates based on the date that the Court issues a decision as to whether class certification is denied or granted ("CERT").

| | |
|---|---|
| CERT + 28 days: | Last day for Parties to meet-and-confer regarding case scheduling and, depending on the Court's determination following the hearing on class certification, to discuss case logistics as the case goes forward as either a class action or on an individual basis |
| + 7 days: | Last day for Parties to file proposed scheduling order based on the meet-and-confer |
| + 14 days: | Case management conference regarding case scheduling going forward (may be set at different date for Court's convenience) |

Other than as set forth above with respect to the timing of discovery, the Parties do not believe that a departure from the discovery rules is necessary.

## IX. CLASS ACTIONS:

All attorneys of record for the Parties have received the Procedural Guidance for Class Action Settlements.

Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), on behalf of a Class defined as: "All residents of California, who currently own, or previously owned, a 2012, 2013, or 2014 model year Mercedes-Benz C250, that was purchased either new or as a Mercedes-Benz Certified Pre-Owned vehicle."

MBUSA contends that certification of a class is not appropriate in this action.

## X. RELATED CASES:

The Parties are unaware of any related cases that are currently pending before this or any other court.

///

///

///

///

///

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

**XI. RELIEF:**

Plaintiff's Statement

Plaintiff's First Amended Complaint seeks damages and equitable relief, including, but not limited to, an extension of the warranty on the Class Vehicles to 170,000 miles (*i.e.* the useful lifespan of the Class Vehicles' engine); full reimbursement of any costs or expenses previously incurred by class members in connection with replacing their vehicles' intake and/or exhaust camshaft adjusters; and "benefit of the bargain damages" based on the difference in value of the vehicles that class members received (vehicles with defective camshaft adjusters) and the vehicles that they should have received (without defective camshaft adjusters). Plaintiff contends that the voluntary warranty program that MBUSA claims it will be extending will not provide complete relief.

Defendant's Statement

MBUSA has not asserted counterclaims in this action and does not seek damages or any other type of relief aside from dismissal of plaintiffs' claims with prejudice, or a verdict in its favor, and an award of costs and fees if appropriate.

**XII. SETTLEMENT AND ADR:**

Because the discovery period has only just opened, the Parties believe that settlement discussions are premature at this time, but of course will attend in good faith any settlement conference or settlement proceeding ordered by the Court. For its part, MBUSA disputes that Plaintiff and putative class members have suffered any injury ripe for judicial review, disputes that the alleged defect in the subject camshaft adjusters exist, denies that the alleged defect implicates a safety issue, and challenges Plaintiff's allegations that MBUSA had knowledge of any purported defect that would require it to disclose the alleged defect to consumers. MBUSA further believes that the putative class cannot be certified for a host of different and equally dispositive reasons, including the unavoidable and highly-individualized issues of causation. Accordingly, MBUSA does not see class settlement as an option at this time.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

All Parties have not consented to assign this case to a Magistrate Judge.

**XIV. OTHER REFERENCES:**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES:**

Plaintiff believes that MBUSA's extended warranty program constitutes an admission that the camshaft adjusters in the Class Vehicles are defective. The Parties should be able to stipulate that the camshaft adjusters are defective and that the class has suffered injury.

MBUSA believes that multiple issues and/or claims can be narrowed or entirely eliminated by motion. Specifically, MBUSA has filed a motion to dismiss the claims in plaintiff's FAC, for the reasons identified above. MBUSA denies that the camshaft adjusters in the putative class vehicles are defective, that the forthcoming extended warranty program constitutes an admission of a defect in such parts, and that the putative class has suffered an injury. Indeed, for the reasons stated in MBUSA's motion to dismiss, MBUSA's extended warranty will provide plaintiff and the putative class with the relief she is demanding. Resolution of the motion in MBUSA's favor will promote judicial economy, and narrow the number and scope of claims that remain pending against it.

Finally, MBUSA believes that issues relating to plaintiff's claims can potentially be resolved on a motion for summary judgment. Specifically, MBUSA believes that, following discovery, Plaintiff will be unable to show MBUSA's knowledge of the alleged defect at the time the Class Vehicles were sold.

**XVI. EXPEDITED TRIAL PROCEDURE:**

The Parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**XVII. SCHEDULING:**

Scheduling should be set as described above in the Discovery Section. At this time, the Parties believe that it is premature to set a pretrial conference date and a trial date. The scope and duration of trial will certainly depend on whether the class is certified, and so the Parties propose

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

that dates for the pretrial conference and trial be determined after this Court issues an order either certifying the class or denying certification.

**XVIII. TRIAL:**

The Parties agree that the case will be tried to a jury with the exception of claims arising under the California Unfair Competition Law, which are to be tried by the Court. The Parties believe that the Court should not set the case for trial until it has ruled on Plaintiff's anticipated motion for class certification. The Parties believe that issues presented in this case will be markedly different if it proceeds on a class basis, as opposed to an individual action. The Parties respectfully request another Scheduling Conference, to discuss further case management and dates, be set for a date after the Court's ruling on Plaintiff's motion for class certification and any appeals of such decision.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Both Parties have filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-15.

Plaintiff's Position

Plaintiff has no interest to report.

Defendant's Statement

MBUSA has filed a "Certification of Interested Entities or Persons." (Dkt. 2.) In this Case Management Statement and in its filed certification, MBUSA identifies its parent company Daimler North America Corporation ("DNAC"), the ultimate parent of which is Daimler AG, a publicly held German Aktiengesellschaft.

**XX. PROFESSIONAL CONDUCT:**

Counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and intend to comply with those guidelines.

///

///

///

///

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Dated: May 18, 2021

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Eric J. Knapp*
Eric J. Knapp
Attorney for Defendant
MERCEDES-BENZ USA, LLC

Dated: May 18, 2021

CONN LAW, PC

By: */s/ Elliot J. Conn*
Elliot Jason Conn
Attorney for Plaintiff

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111